BIRCH, Circuit Judge,
specially concurring:
I concur in Judge Pryor’s opinion for the court. As evident from the dissent on the *1019 issue of conspiracy to commit murder, this issue presents a very close case. However, given our standards of review with regard to Hernandez’s conviction on Count 3, I conclude that the conviction should be affirmed.
I remain convinced, for all the reasons and facts set out in my prior dissent that the motion for change of venue should have been granted. See United States v. Campa, 459 F.3d 1121, 1155 (11th Cir.2006) (en banc). The defendants were subjected to such a degree of harm based upon demonstrated pervasive community prejudice that their convictions should have been reversed. The Supreme Court has not addressed the law concerning Fed. R.Crim.P. 21 motions for change of venue since Patton v. Yount, 467 U.S. 1025, 104 S.Ct. 2885, 81 L.Ed.2d 847 (1984). Given the technological advances and 24-hour news cycle that have become prevalent in our nation since 1984, I respectfully suggest that this case provides a timely and appropriate opportunity for the Court to address the issue of change of venue in this internet and media permeated century.